UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS S. HARRIS,

    Plaintiff,

v.                                                                         Case No. 8:22-cv-1265-WFJ-JSS

STATE OF FLORIDA,

    Defendant.
_____/

**O R D E R**

Mr. Harris, a Florida prisoner, filed a civil rights complaint (Doc. 1) in which he challenges his criminal conviction and seeks both monetary damages and immediate release from imprisonment. After reviewing the complaint as required by 28 U.S.C. § 1915A,[1] the Court concludes that the complaint must be dismissed without prejudice.

Because Mr. Harris challenges the fact of his confinement and seeks release, he must raise his claims in a habeas corpus petition, not a civil complaint. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release,

---

[1] Section 1915A states in pertinent part that:

    (a) Screening. The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

    (b) Grounds for dismissal. On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint:

      (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
      (2) seeks monetary relief from a defendant who is immune from such relief.

even though such a claim may come within the literal terms of § 1983.") (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)); *Maps v. Miami Dade State Attorney*, 693 F. App'x 784, 786-87 (11th Cir. 2017) ("It is well established that an inmate in state custody 'cannot use a § 1983 action to challenge the fact or duration of his confinement' and instead must seek federal habeas corpus or appropriate state court relief.") (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005)). And Mr. Harris cannot bring an action for damages that will invalidate his conviction unless the conviction has been invalidated. *Heck*, 512 U.S. at 486-88.

Accordingly:

1. The complaint (Doc. 1) is **DISMISSED** without prejudice under 28 U.S.C. § 1915A.

2. The Clerk must: 1) send, along with a copy of this Order, these forms to Plaintiff: (a) Complaint for Violation of Civil Rights (Prisoner); (b) Affidavit of Indigency (2 copies); and (c) Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254; and 2) close this case.

**ORDERED** in Tampa, Florida, on June 3, 2022.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

SA: sfc
Copy to: Thomas S. Harris, *pro se*